1  Richard L. Seabolt (SBN 67469)
   DUANE MORRIS LLP
2  Spear Tower
   One Market Plaza, Suite 2200
3  San Francisco, Ca 94105-1127
   Telephone: +1 415 957 3000
4  Fax: +1 415 957 3001
   E-Mail:Rlseabolt@duanemorris.com
5
   Matthew S. Yungwirth, Esq. (To Be Admitted Pro Hac Vice)
6  msyungwirth@duanemorris.com
   L. Norwood Jameson (To Be Admitted Pro Hac Vice)
7  mjameson@duanemorris.com
   Alice E. Snedeker, Esq. (To Be Admitted Pro Hac Vice)
8  aesnedeker@duanemorris.com
   **DUANE MORRIS LLP**
9  1075 Peachtree St. NE, Suite 2000
   Atlanta, GA  30309-3929
10 (404) 253-6900

11 *Attorneys for Plaintiff Belkin International, Inc.*

12 **UNITED STATES DISTRICT COURT**

13 **NORTHERN DISTRICT OF CALIFORNIA**

14 **SAN FRANCISCO DIVISION**

15 ---------------------------------------------------------------------x
                                                      :
16 BELKIN INTERNATIONAL, INC.,                        :   **ECF CASE**
                                                      :
17          Plaintiff,                                :   Civil Docket No.
                                                      :
18     v.                                             :
                                                      :   **Jury Trial Demanded**
19 ACROX TECHNOLOGIES CO., LTD.,                      :
                                                      :
20          Defendant.                                :
                                                      :
21 ---------------------------------------------------------------------x

22                        **COMPLAINT**

23     Plaintiff Belkin International, Inc., for its Complaint against Defendant Acrox

24 Technologies Co., Ltd., hereby demands a jury trial and alleges as follows:

25                   **NATURE OF THE ACTION**

26     1.    This is a civil action for infringement of United States Patent No. 7,167,372 ("the

27 '372 patent") under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.  A true and correct

28 copy of the '372 patent is attached hereto as Exhibit A.

**THE PARTIES**

1.     Plaintiff Belkin International, Inc. ("Belkin") is a company organized and existing under the laws of Delaware, having its principal place of business at 12045 East Waterfront Drive, Playa Vista, California 90094.

2.     Upon information and belief, Defendant Acrox Technologies Co., Ltd. ("Acrox") is a company organized and existing under the laws of Taiwan with its principal place of business at 4F, No. 89, Minshan St., Neihu Dist., Taipei 114, Taiwan, R.O.C.

**JURISDICTION AND VENUE**

3.     The Court has jurisdiction over the subject matter of the patent claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Acrox pursuant to Cal. Code Civ. Proc. § 410.10 because Acrox has purposefully directed, and continues to purposefully direct, activities at California, including in this District, by regularly doing or soliciting business and engaging in other persistent, systematic courses of conduct.

5.     Specifically, Acrox has asserted patent infringement claims within this state.  In addition, upon information and belief, Acrox has entered into supply contracts with customers and supplies infringing products to this District with the intent and expectation that the infringing products will be sold in the state, including this District.  Furthermore, upon information and belief, Acrox derives substantial revenue from infringing products sold in this state and expects or should reasonably expect its acts to have consequences in California.

6.     Acrox projects these activities into California, including in this District, to purposefully avail itself of the benefits and protections of California law, and Belkin's cause of action arises out of that activity within California.  Accordingly, this Court's exercise of jurisdiction over Acrox is reasonable and fair.

7.     Alternatively, to the extent that Acrox is not subject to personal jurisdiction in this or any other state's courts of general jurisdiction, this District has personal jurisdiction over Acrox pursuant to Federal Rule of Civil Procedure 4(k)(2) because Belkin asserts a patent claim that

1    arises under federal law and the exercise of that jurisdiction is consistent with the laws and

2    Constitution of the United States.

3         8.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

4                              **FACTUAL BACKGROUND**

5         9.     Belkin through its three brands—Belkin, Linsys, and WeMo—is a leading provider

6    of consumer products that help people realize the power of technology and make their lives better,

7    easier, and more fulfilling.  Since 1983, Belkin has intentionally developed a reputation for

8    providing products that are renowned for their simplicity and ease of use.  This includes USB

9    hubs, which Belkin recognized as a vital component of keeping people's electronic devices easily

10   connected.

11        10.    On January 23, 2007, the U.S. Patent and Trademark Office ("USPTO") duly and

12   legally issued U.S. Patent No. 7,167,372, entitled "Universal Serial Bus Hub and Method of

13   Manufacturing Same."  The '372  patent names Kenneth Mori and Ernesto Quinteros as co-

14   inventors.  The '372  patent is valid and enforceable.  Belkin owns all right, title, and interest in

15   and to the '372 patent, and possesses all rights of recovery under the '372  patent.

16        11.    The '372 patent describes a universal serial bus ("USB") hub with a novel design

17   that, among other things, represents an improvement over the prior art hub design that included ports

18   that were difficult to access.  ('372 Patent at 1:12-28).

19        12.    Specifically, Belkin's patented invention for USB hubs makes it easier for users to

20   connect their peripheral devices to a USB hub by placing the USB ports in a location on the hub

21   that is more accessible to the user.

22        13.    Acrox is a manufacturer who designs, manufactures, and sells a wide range of

23   consumer products to customers that resell the products with their own brands, including one such

24   customer in Fremont, California.  Upon information and belief, Acrox's products include USB

25   hubs.

26        14.    Upon information and belief, Acrox serves as an original equipment manufacturer

27   for a variety of USB hubs, including but not limited to the SIIG USB 2.0 10-Port Hub, Cerulian 10

28   Port USB 2.0 Top Loading Hub, Cerulian 7 Port USB 2.0 Top Loading Hub, UA1 Top Loading

3

1  Hub 7 Ports, Sitecom USB Hub 7-Port-PC, UAB Top-Loading Hub 7 Ports, iBall USB Hub Piano

2  423 USB 4 Port USB Hub, and UAA Top-Loading Hub 4 Ports (collectively, "USB hub

3  products").

4       15.     Upon information and belief, Acrox imports such USB hub products into the United

5  States, including but not limited to various locations in California, for sale to consumers

6  throughout the United States, including in this District.

7  **COUNT ONE**

8  **(Infringement of the '372 Patent)**

9       16.     Belkin incorporates by reference as if fully set forth herein the allegations set forth

10  in Paragraphs 1-15 of this Complaint.

11       17.     Acrox has directly infringed and continues to directly infringe at least claims 1 and

12  2 of the '372 patent by making, using, selling, and/or offering for sale in the United States and/or

13  importing into the United States its USB hub products.

14       18.     For example, claim 1 of Belkin's patented invention requires a housing comprising

15  a top portion; a bottom portion opposite the top portion; a first side between the top portion and the

16  bottom portion; and a second side between the top portion and the bottom portion; a first universal

17  serial bus port at the top portion; and a second universal serial bus port at the second side; wherein:

18  the top portion comprises a first region and a second region; the first region is higher than the

19  second region; and the first universal serial bus port is at the first region.  At least some of these

20  limitations are depicted in Fig. 1 of the '372 patent, which is reproduced below.



FIG.1

4

19.     As shown below, by way of example, Acrox's USI Stack-up 7 Port Hub infringes claim 1 of the '372 patent because it satisfies the limitations of claim 1 discussed above and includes, among other things, a first region that is higher than the second region, and the USB ports are located at the first region.



20.     By way of further example, claim 2 describes the "universal serial bus hub of claim 1 further comprising: a power port [220] at the second side [113]."   ('372 patent, 6:24-25.)   The power port is depicted below.



FIG.2

21.     Upon information and belief, Acrox's UAC Top-Loading Hub 10 Ports infringes claim 2 of the '372 patent because it satisfies claim 1 and also has a power port on the second side as shown by the blue circle in the below photo.



22.     Upon information and belief, Acrox also manufactures infringing products for its customers.  For example, the SIIG USB 2.0 10-Port Hub is nearly identical to the Acrox product, as the below photographs show.  The SIIG product meets the limitations of claim 1 discussed in paragraph 20.

**SIIG Product**



**Acrox Product**





6

23.    Acrox's infringement has caused and is continuing to cause damage and irreparable injury to Belkin, and Belkin will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

24.    Belkin is entitled to a judgment that Acrox infringed Belkin's '372 patent, and to monetary and injunctive relief for such infringement.

## PRAYER FOR RELIEF

WHEREFORE, Belkin respectfully requests the following relief:

1.    Judgment that Acrox has directly infringed the '372 patent.

2.    A permanent injunction prohibiting Acrox and all affiliates, employees, agents, officers, directors, attorneys, successors, assigns, and all those acting on behalf of or in active concert or participation with any of them from making, using, selling, and/or offering for sale in the United States, and/or importing into the United States the infringing products, or from otherwise infringing the '372 patent;

3.    A permanent injunction prohibiting Acrox and all affiliates, employees, agents, officers, directors, attorneys, successors, assigns, and all those acting on behalf of or in active concert or participation with any of them from marketing or selling the infringing products in the United States;

4.    An award to Belkin of damages resulting from Acrox's acts of patent infringement in accordance with 35 U.S.C. § 284;

5.    To the extent that Belkin is the prevailing party and it is determined that this is an exceptional case, an award to Belkin its expenses, disbursements, and reasonable attorney's fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

6.    An award to Belkin of pre-judgment and post-judgment interest; and

7.    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Belkin respectfully demands a trial by jury of all issues so triable in this action.

1

2      Dated: February 1, 2016                    Respectfully Submitted,

3                                                 **DUANE MORRIS LLP**

4                                                 /s/ Richard L. Seabolt
                                                  Richard L. Seabolt (SBN 67469)
5                                                 DUANE MORRIS LLP
                                                  Spear Tower
6                                                 One Market Plaza, Suite 2200
                                                  San Francisco, Ca 94105-1127
7                                                 Telephone: +1 415 957 3000
                                                  Fax: +1 415 957 3001
8                                                      E-Mail:Rlseabolt@duanemorris.com

9                                                 *Attorneys for Plaintiff Belkin International, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28